## Earthlink, LLC v Charter Communications Operating, LLC

2024 NY Slip Op 34542(U)

December 21, 2024

Supreme Court, New York County

Docket Number: Index No. 654332/2020

Judge: Andrea Masley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 48

-----------------------------------------------------------------------------X

EARTHLINK, LLC,

                                Plaintiff,

                        - v -

CHARTER COMMUNICATIONS OPERATING, LLC,

                            Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 654332/2020 |
| MOTION DATE | -- |
| MOTION SEQ. NO. | 028 029 |

**DECISION + ORDER ON MOTION**

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 028) 834, 835, 836, 837, 838, 839, 840, 841, 842, 843, 996, 997, 1002, 1003, 1004, 1005, 1015

were read on this motion to/for                    SEAL               .

The following e-filed documents, listed by NYSCEF document number (Motion 029) 928, 929, 930, 931, 932, 933, 934, 935, 936, 937, 938, 939, 940, 941, 942, 943, 944, 945, 946, 947, 948, 949, 950, 951, 952, 953, 954, 955, 956, 957, 958, 959, 960, 961, 962, 963, 964, 965, 966, 967, 968, 969, 970, 971, 972, 973, 974, 975, 976, 977, 978, 979, 980, 981, 982, 983, 984, 985, 986, 987, 988, 989, 990, 991, 992, 993, 995, 998, 1006, 1007, 1008, 1009, 1010, 1011, 1012, 1013, 1014, 1016

were read on this motion to/for                    SEAL               .

In motion sequence 028, defendant Charter Communications Operating, LLC moves pursuant to the Uniform Rules of the New York State Trial Courts (22 NYCRR) § 216.1 to seal/redact the following documents filed with defendant's motion to preclude (seq. 030):

    (i)      redact defendant's moving memorandum of law (NYSCEF 833, 836, 1004[1]),

    (ii)     redact transcript of John C. Jarosz's deposition (NYSCEF 825, 837),

    (iii)    seal Jarosz's report (NYSCEF 826, 838, 1005),

---

[1] The public version with defendant's proposed redaction is at NYSCEF 832.

**654332/2020 EARTHLINK, LLC vs. CHARTER COMMUNICATIONS**
**Motion No. 028 029**

Page 1 of 17

1 of 17

(iv)    seal Jarosz's supplemental declaration (NYSCEF 827, 839),

(v)    seal spreadsheet attached to Jarosz's report (NYSCEF 830, 840[2]), and

(vi)    seal Steven E. Turner's rebuttal report (NYSCEF 831, 841).

In its responsive submission, plaintiff seeks to redact items i[3] and iii and seal in the entirety items ii, iv, v, and vi.

In motion sequence 029, defendant moves pursuant to the Uniform Rules of the New York State Trial Courts (22 NYCRR) § 216.1 to seal/redact the following documents filed with defendant's motion for summary judgment (seq. 031):

1)    defendant's moving memorandum of law (NYSCEF 927, 930),

2)    defendant's first amended responses and objections to plaintiff's first set of interrogatories, dated April 25, 2023 (NYSCEF 854, 931),

3)    defendant's second amended responses and objections to plaintiff's first set of interrogatories, dated December 22, 2023 (NYSCEF 856, 932),

4)    transcript of Michael George Locke's deposition (NYSCEF 857, 933),

5)    transcript of David Gray's deposition (NYSCEF 858, 934),

6)    transcript of Steven Lottmann's deposition (NYSCEF 859, 935),

7)    transcript of Christopher R. Douglass's deposition (NYSCEF 860, 936),

8)    transcript of Brian K. McLaughlin's deposition (NYSCEF 861, 937),

9)    transcript of John Hendrickson's deposition (NYSCEF 862, 938),

10)    transcript of Michael D. Toplisek's deposition (NYSCEF 863, 939),

11)    transcript of Glenn R. Goad's deposition (NYSCEF 864, 940),

---

[2] NYSCEF 830 and 840 are placeholders and will be unsealed. The spreadsheet was submitted to the court as a hard copy filing.

[3] Both parties propose identical redactions to item i.

**654332/2020   EARTHLINK, LLC vs. CHARTER COMMUNICATIONS**
**Motion No.  028 029**

Page 2 of 17

2 of 17

[* 2]

12) transcript of Shravan Thadani's deposition (NYSCEF 865, 941),

13) transcript of William E. Woodcock's deposition (NYSCEF 866, 942),

14) transcript of Maria E. Garibotti's deposition (NYSCEF 867, 943),

15) project eagle 2018 investment overview (NYSCEF 868, 944),

16) High-Speed Service Agreement (NYSCEF 869, 945),

17) April 18, 2017 letter from Locke to Jennifer Spindel (NYSCEF 870, 946),

18) Sixth Amendment to High-Speed Service Agreement (NYSCEF 871, 947),

19) August 14, 2020 email from Stephen Cutler to McLaughlin (NYSCEF 872, 948),

20) email chain spanning July 31 to August 7, 2020, involving Daniel Carroll, Olga Karasik, Cutler, Douglass, George Vetrano, McLaughlin, and Jason Westenskow (NYSCEF 874, 949),

21) October 28, 2020 budget (NYSCEF 875, 950[4]),

22) September 16, 2020 email from Daniel Carroll to Brigitte Wright-Roy and Douglass (NYSCEF 876, 951),

23) email chain spanning April 8, 2019, to April 8, 2020, involving Toplisek, Angela Young, McLaughlin, Glenn Goad, Michael Borellis (NYSCEF 877, 952),

24) email attaching April 6, 2020 TWC update (NYSCEF 878, 953),

25) June 2, 2020 email from Young to Toplisek and Cutler (NYSCEF 879, 954),

---

[4] NYSCEF 875 and 950 are placeholders and will be unsealed. The October 28, 2020 budget was submitted to the court as a hard copy filing.

654332/2020  EARTHLINK, LLC vs. CHARTER COMMUNICATIONS
Motion No. 028 029

Page 3 of 17

[* 3]

26) June 4, 2020 email from Toplisek to Trevor Johnston, Shravan Thadani, Goad, Borellis, and others (NYSCEF 880, 955),

27) June 8, 2020 email from Toplisek to Locke (NYSCEF 881, 956),

28) June 15, 2020 email chain involving Toplisek, Douglass, Jennifer Clayton, Cutler, and others (NYSCEF 882, 957),

29) compilation of 77 email responses plaintiff received in response to the June 2020 survey (NYSCEF 883, 958),

30) survey response data spreadsheet (NYSCEF 884, 959[5]),

31) email chain spanning June 20 to June 22, 2020, involving McLaughlin, Douglass, Toplisek, Dennis Hall and others (NYSCEF 885, 960),

32) Transition Services Agreement (NYSCEF 886, 961),

33) defendant's contract update (NYSCEF 887, 962),

34) plaintiff's August 28, 2020 VCM notes (NYSCEF 888, 963),

35) September 17, 2020 email from Alicia O'Brien (NYSCEF 889, 964),

36) September 17, 2020 email from J. C. Boggs to Rafi Martina (NYSCEF 890, 965),

37) October 4, 2020 email from Norm Armstrong (NYSCEF 891, 966),

38) October 5-14, 2020 email chain involving Boggs (NYSCEF 892, 967),

39) October 6, 2020 email from O'Brien (NYSCEF 893, 968),

40) plaintiff's lobbying materials (NYSCEF 894, 969),

41) defendant's outreach program (NYSCEF 895, 970),

---

[5] NYSCEF 884 and 959 are placeholders and will be unsealed. The survey response data spreadsheet was submitted to the court as a hard copy filing.

42) October 7-9, 2020 email chain between Wright-Roy and Toplisek (NYSCEF 896, 971),

43) November 4, 2020 emails between Wright-Roy and Toplisek (NYSCEF 897, 972),

44) December 4, 2018 letter from nonparty Windstream to defendant (NYSCEF 899, 973),

45) November 13, 2018 Letter from defendant to Windstream (NYSCEF 900, 974),

46) January 16, 2019 Letter from defendant to Windstream (NYSCEF 901, 975),

47) October 10, 2018 Letter from Windstream to defendant (NYSCEF 902, 976),

48) October 23, 2018 Letter from Windstream to defendant (NYSCEF 903, 977),

49) January 23, 2020 email from Daniel Carroll to Gary Vaughan, George Vetrano, and Douglass (NYSCEF 909, 978),

50) combined PDF consisting of five slide decks each entitled "EarthLink Churn Task Force – Weekly Meeting" (NYSCEF 910, 979),

51) Transition Services Agreement between Windstream and defendant (NYSCEF 912, 980),

52) email chain spanning January 13 to March 16, 2022, involving Michael Morrison, Shravan Thadani, Toplisek, McLaughlin, and others (NYSCEF 913, 981),

53) email chain spanning December 23-24, 2021, involving McLaughlin, Jake Brander, Toplisek, and others (NYSCEF 914, 982),

54) June 23, 2022 email chain involving McLaughlin, Brander, Toplisek, and others (NYSCEF 915, 983),

55) plaintiff's September 9, 2020 press release (NYSCEF 917, 984),

56) Mark Guberman's affirmation and exhibits (NYSCEF 918, 985),

57) Greta Kim's affirmation (NYSCEF 986),

58) David Gray's affirmation (NYSCEF 987),

59) Locke's affirmation (NYSCEF 988),

60) Turner's report (NYSCEF 923, 989),

61) Turner's rebuttal report[6] (NYSCEF 924, 990), and

62) Turner's supplemental declaration (NYSCEF 925, 991).

Specifically, defendant seeks to redact items 1, 2, 3, 57, 58, and 59.[7]  (*See* NYSCEF 992, MOL at 3-5/8.)  Wholesale sealing appears to be sought as to the remaining listed documents.

Responsive submissions were made by plaintiff, nonparty Trive Capital Management LLC (Trive) who "that manages the private equity fund that owns" (NYSCEF 1006 Trevor Johnston aff ¶1), and plaintiff's counsel King & Spalding LLP (King).  Plaintiff seeks to redact items 1, 15, 22, 24, 26, 29, and 46.[8]  Plaintiff seeks to

---

[6] Defendant seeks to seal Turner's rebuttal report in both motions sequence 028 and 029.

[7] Public versions with defendant's proposed redactions to items 1, 2, 3, 57, 58, and 59 are at NYSCEF 926, 854, 856, 919, 920, and 921, respectively.

[8] Plaintiff's proposed redactions to items 1, 15, 22, 24, 26, 29, and 46 are at NYSCEF 1008 through 1014.  Plaintiff's proposed reductions to item 1 (NYSCEF 1014) are less expansive than defendant's proposed redactions to this item.

654332/2020   EARTHLINK, LLC vs. CHARTER COMMUNICATIONS
Motion No.  028 029

Page 6 of 17

seal in the entirety items 7, 8, 10, 11, 12, 13, 14, 20, 21, 28, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 49, 50, 52, 53, and 54. King support wholesale sealing of items 35, 36, 37, 38, 39, and 40. Trive supports the sealing/redacting of the above documents as requested by plaintiff. Plaintiff request that the court unseal items 16, 17, 18, 19, 23, 25, 27, 44, 45, 47, 48, 51, and 55.

There is no indication that the press or public have an interest in this matter.

**Legal Standard**

"Under New York law, there is a broad presumption that the public is entitled to access to judicial proceedings and court records." (*Mosallem v Berenson*, 76 AD3d 345, 348 [1st Dept 2010] [citations omitted].) The public's right to access is, however, not absolute, and under certain circumstances, "public inspection of court records has been limited by numerus statutes." (*Id.* at 349.) One of those statutes is section 216.1 (a) of the Uniform Rules for Trial Courts, which empowers courts to seal documents upon a written finding of good cause. It provides:

> "Except where otherwise provided by statute or rule, a court shall not enter an order in any action or proceeding sealing the court records, whether in whole or in part, except upon a written finding of good cause, which shall specify the grounds thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as of the parties. Where it appears necessary or desirable, the court may prescribe appropriate notice and opportunity to be heard." (Uniform Rules for Sur Ct [22 NYCRR] § 216.1.)

The "party seeking to seal court records has the burden to demonstrate compelling circumstances to justify restricting public access" to the documents. (*Mosallem*, 76 AD3d at 349 [citations omitted].) Good cause must "rest on a sound basis or legitimate need to take judicial action." (*Danco Lab Ltd. v Chemical Works of Gedeon Richter, Ltd.*, 274 AD2d 1, 8 [1st Dept 2000] [internal quotation marks omitted].)

654332/2020 EARTHLINK, LLC vs. CHARTER COMMUNICATIONS Page 7 of 17
Motion No. 028 029

7 of 17

Further, in the business context, courts have sealed records where the disclosure of documents "could threaten a business's competitive advantage." (*Mosallem*, 76 AD3d at 350 [citations omitted].) Records concerning financial information may be sealed where there has not been a showing of relevant public interest in the disclosure of that information. (*See Dawson v White & Case*, 184 AD2d 246, 247 [1st Dept 1992].) A party "ought not to be required to make their private financial information public ... where no substantial public interest would be furthered by public access to that information." (*D'Amour v Ohrenstein & Brown*, 17 Misc 3d 1130 [A], 2007 NY Slip Op 52207[U], *20 [Sup Ct, NY County 2007] [citations omitted].)

Additionally, courts have recognized a compelling interest in sealing a third-party's financial or private information as disclosure could imping upon the privacy rights of these nonparties. (*See Mancheski v Gabelli Group Capital Partners*, 39 AD3d 499, 502 [2d Dept 2007]; *Natixis Real Estate Capital Tr. 2007-HE2 v Natixis Real Estate Capital, Inc.*, 77 Misc 3d 1224 [A] [Sup Ct, NY County 2023].)

A confidentiality agreement entered for purposes of exchanging information does not constitute good cause to seal. Rather, it demonstrates the steps taken to protect confidential information and can lend support to an argument for redacting. (*See Linkable Networks, v Mastercard Inc.*, 75 Misc 3d 1231[A], *3 [Sup Ct, NY County 2022].) Parties may designate information as confidential, but it is another matter whether the information can be shielded from the public. In sum, a confidentiality agreement does not excuse the parties "from making a showing of good cause why certain information should be redacted." (*See Eccles v Shamrock Capital Advisors, LLC*, 2023 NY Slip Op 32730[U], *5 [Sup Ct, NY County 2023].)

**654332/2020 EARTHLINK, LLC vs. CHARTER COMMUNICATIONS** Page 8 of 17
**Motion No. 028 029**

8 of 17

[* 8]

**Discussion**

<u>Mot. Seq. 028</u>

The parties fail to demonstrate good cause to redact (i) the moving brief to the extent it discusses Jarosz's experience and expertise.  Contrary to plaintiff's argument, such proposed redactions are not directed as any sensitive or confidential information.  Good cause, however, has been shown to include the remaining redactions to item (i) as proposed by the parties to protect sensitive and confidential information relating to plaintiff's customer base, disclosure of which could threated plaintiff's competitive advantage.  (*See Mosallem*, 76 AD3d at 35.)

Plaintiff fails to demonstrate good cause to seal in the entirety (ii) transcript of Jarosz's deposition (NYSCEF 825, 837).  Moreover, wholesale sealing is generally disfavored.  (*See Applehead Pictures LLC v Perelman*, 80 AD3d 181, 192 [1st Dept 2010] [citation omitted].)  Good cause has been demonstrated, however, to redact item (ii), as defendant proposes, except the proposed redactions to Jarosz's experience, e.g., on pages 25 through 36 of the transcript.

Defendant fails to demonstrate good cause to seal in the entirety (iii) Jarosz's report.  Good cause has been demonstrated, however, to redact item (iii), as plaintiff proposes, to protect information about "subscriber counts, customer churn rates, revenue, loss profits, amounts of subscribers lost, damages calculations, internal customer survey data, and EarthLink's business relationship with Charter."  (NYSCEF 1015, Plaintiff's MOL at 6/14.)  Disclosure of such information could threaten plaintiff's competitive advantage.  (*See Mosallem*, 76 AD3d at 35.)

**654332/2020   EARTHLINK, LLC vs. CHARTER COMMUNICATIONS**
**Motion No.  028 029**

Page 9 of 17

9 of 17

The parties fail to show good cause to seal in the entirety (iv) Jarosz's supplemental declaration and (vi) Turner's rebuttal report. Although both documents include sensitive business and financial information, such as information about the number of plaintiff's customers, revenue per customer, and estimated lost revenue and profits, both documents also include information that on its face is not sensitive or confidential so as to warrant sealing the entire documents. For example, (iv) Jarosz's supplemental declaration includes brief details of Jarosz's engagement by plaintiff; (vi) Turner's rebuttal report discusses Turner's biography and scope of services. The motion to seal items (iv) and (vi) is denied. The denial is without prejudice to move for limited reactions if so advised.

The parties show good cause to seal in the entirety (v) spreadsheet attached to Jarosz's report. The spreadsheet consists of sensitive business information, such as subscribers count for plaintiff's two products. Disclosure of such information could threaten plaintiff's competitive advantage. (*See Mosallem*, 76 AD3d at 35.)

Mot. Seq. 029

*Defendant's Arguments*

The motion is granted to the extent defendant seeks to seal items 27 (June 8, 2020 email from Toplisek to Locke), 31 (e-mail chain spanning June 20-22, 2020), and 52 (email chain spanning January 13 to March 16, 2022). The court previously permitted the sealing of identical documents or information contained in these documents. (*See* NYSCEF 762, Decision and Order [mot. seq. nos. 017, 021, 022, 024] [sealing NYSCEF 497 & 521, 607 & 639, 609 & 641].) Likewise, the motion is granted to the extent defendant seeks to redact 57 (Kim's affirmation) and 58 (Gray's

654332/2020   EARTHLINK, LLC vs. CHARTER COMMUNICATIONS
Motion No. 028 029
Page 10 of 17

10 of 17

[* 10]

affirmation) which reference sealed documents. (*See id.* [sealing NYSCEF 594 & 631, 595 & 632].)

As to item 59 (Locke's affirmation), the motion is granted to redact paragraph 7 as proposed as it references a sealed document. (*See id.* [sealing NYSCEF 600 & 634].) Reactions to paragraph 10 are rejected as it referenced item 55 which the court is not permitting to seal. (*See infra.*) On its face, paragraph 10 discloses no sensitive information.

The parties shall refrain from filing subsequent motions to seal or redact documents or information that the court has already permitted to be sealed or redacted; instead, the parties shall file a proposed redacting order. (*See id.* at 12.)

Defendant has shown good cause to redact items 2 and 3, defendant's interrogatory responses and objections, to protect contact information of defendant's employees. (*See MBIA Ins. Corp. v Countrywide Home Loans, Inc.*, 2013 NY Slip Op 30184[U], *8-9 [Sup Ct, NY County 2013].) Defendant further has shown good cause to redact item 1, defendant's brief, as defendant proposes (NYSCEF 930).

Next, defendant argues that certain exhibits should be sealed in the entirety to protect information about defendant's organizational structure, operations, business strategies, financial information, and other sensitive proprietary information, namely, deposition transcripts of defendant's four employees (items 4, 5, 6, 9), two reports and supplemental declaration by Turner (items 60, 61, 62), and Guberman's affirmation and exhibits (item 56). The motion is denied as to these documents, which are replete with

**654332/2020   EARTHLINK, LLC vs. CHARTER COMMUNICATIONS**
**Motion No. 028 029**

Page 11 of 17

11 of 17

information not warranting sealing.[9] The denial is without prejudice to move for limited reactions if so advised.

Defendant proffers no argument for sealing the remaining documents, other than stating that those documents were designated confidential by a producing party. Such designation alone which is insufficient to demonstrate good cause to seal. (*See Eccles*, 2023 NY Slip Op 32730[U], *5 [Sup Ct, NY County 2023].) Accordingly, the court turns to the responsive submissions in support of redacting and sealing.

*Responsive Submissions*

Plaintiff seeks to seal in the entirely deposition transcripts of its employees (items 7, 8, 10, 11, 13, 14) and a deposition transcript of Trive's partner (item 12) which allegedly reveal sensitive proprietary information regarding *inter alia* plaintiff's business operations, strategies, and financial information, and Trive's organizational structure operations and business strategies. The motion is denied as to these documents, which are replete with information not warranting sealing. The denial is without prejudice to move for limited reactions if so advised.

Plaintiff has demonstrated good cause to redact items 15, 22, 24, 26, 29, and 46 as proposed. The proposed redactions are narrowly tailored to protect plaintiff's sensitive business information, including pricing information, financial statements, internal business strategy, and client contact details. Disclosure of such information would harm plaintiff's competitive advantage. (*See Mosallem*, 76 AD3d at 35.)

---

[9] The court previously permitted sealing of deposition excerpts, as good cause has been shown to seal such excerpts. (*See e.g. See* NYSCEF 762, Decision and Order [mot. seq. nos. 017, 021, 022, 024] [sealing an excerpt from Kim's deposition]; NYSCEF 999, Decision and Order [mot. seq. no. 027] [sealing an excerpt from Kim's deposition].)

[* 12]

Plaintiff next seeks to seal in the entirely items 20, 21, 28, 30, 32, 33, 41, 42, 43, 49, 50, 53, and 54[10] which contain sensitive business information, such as pricing information and business strategy.  These items include multiple internal email chains, budget, customer survey responses, the parties' contract, and slide deck on client outreach.  Good cause has been shown to seal these documents in the entirety as disclosure of sensitive business information contained therein would harm plaintiff's competitive advantage.  (*Id.*)

Likewise, wholesale sealing of item 34 is warranted as it contains internal meeting notes disclosing plaintiff's sensitive business information including strategy and financial information.  (*Id.*)

Plaintiff seeks to seal items 35, 36, 37, 38, 39, and 40, several email chains involving plaintiff's counsel and plaintiff's lobbying materials, on the grounds that these documents disclose plaintiff's confidential business strategies and nonparties' personal contact information.  Good cause has been shown to seal these documents in the entirety as disclosure of the business strategy contained therein would harm plaintiff's competitive advantage.  (*Id.*)

The motion is denied as to items 16, 17, 18, 19, 23, 25, 27, 44, 45, 47, 48, 51, and 55, which plaintiff seeks to unseal, and as to which defendant fails to show good cause to seal.

The court notes defendant's failure to follow the court's direction that "[i]f filing of multiple copies takes place, movant shall specify in the sealing chart NYSCEF numbers

---

[10] Plaintiff also seeks to seal in the entirely items 31 and 52 which were discussed *supra*.

**654332/2020   EARTHLINK, LLC vs. CHARTER COMMUNICATIONS**                    Page 13 of 17
**Motion No.  028 029**

[* 13]

of all the copies filed as to each document, with a description as to what each copy represents (e.g., a Confidential Chambers Copy or redacted public copy)." (NYSCEF 762, Decision and Order at 12 [mot. seq. nos. 017, 021, 022, 024]. For example, three copies of item 1 (defendant's moving memorandum of law) were filed, but the chart only identified one of them. (*See* NYSCEF 993, Chart [line 1 stating that defendant's moving memorandum of law is filed at NYSCEF 930]; *see* NYSCEF 926 [redacted public copy], 927 [sealed copy], 930 [confidential chambers copy].) The court declines to search the record to identify all copies of documents which movant seeks to seal or redact.

Accordingly, it is

ORDERED that motion sequence 028 is granted, in part, to the extent that items i, ii, and iii shall be redacted and item v shall be sealed in the entirety. Defendant shall file public versions of items i, ii, and iii with redactions authorized in this decision and order within ten days of this decision and order and notify the court upon filing via email; and it is further

ORDERED that motion sequence 028 is denied, in part, as to items iv and vi, which will remain under temporary seal (NYSCEF 827, 831, 839, 841). Any party may move to redact these documents, if so advised, within ten days of this decision and order. If no such motion is filed, these documents will be unsealed; and it is further

ORDERED that the County Clerk is directed to seal NYSCEF 825, 826, 830, 833, 836, 837, 838, 840, 1004, and 1005; and it is further

ORDERED that the County Clerk is directed to unseal NYSCEF 830 and 840; and it is further

654332/2020   EARTHLINK, LLC vs. CHARTER COMMUNICATIONS
Motion No.  028 029

Page 14 of 17

[* 14]

ORDERED that motion sequence 029 is granted, in part, to the extent that items 20, 21, 27, 28, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 49, 50, 52, 53, and 54 shall be sealed in the entirety; and it is further

ORDERED that motion sequence 029 is granted, in part, to the extent that items 1, 2, 3, 15, 22, 24, 26, 29, 46, 57, 58, and 59 shall be redacted. Defendant shall file public versions of these documents with redactions authorized in this decision and order within ten days of this decision and order and notify the court upon filing via email[11]; and it is further

ORDERED that motion sequence 029 is denied, in part, as to items 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 56, 60, 61, and 62 for which no good cause has been shown warranting wholesale sealing (NYSCEF 857, 858, 859, 860, 861, 862, 863, 864, 865, 866, 867, 918, 923, 924, 925, 933, 934, 935, 936, 937, 938, 939, 940, 941, 942, 943, 985, 989, 990, and 991). These documents will remain under temporary seal. Any party may move to redact these documents, if so advised, within ten days of this decision and order. If no such motion is filed, these documents will be unsealed; and it is further

ORDERED that motion sequence 029 is denied, in part, as to items 16, 17, 18, 19, 23, 25, 44, 45, 47, 48, 51, and 55, which plaintiff seeks to unseal, and as to which defendant fails to show good cause to seal. These documents will be unsealed herein; and it is further

---

[11] This direction does not apply to items 1, 2, 3, 57, 58, and 59 for which public versions with redactions have been field at NYSCEF 926, 854, 856, 919, 920, and 921, respectively.

**654332/2020 EARTHLINK, LLC vs. CHARTER COMMUNICATIONS**
**Page 15 of 17**
**Motion No. 028 029**

15 of 17

[* 15]

ORDERED that the County Clerk is directed to seal 854, 856, 868, 874, 876, 878, 880, 881, 882, 883, 885, 886, 887, 888, 889, 890, 891, 892, 893, 894, 895, 896 897, 901, 909, 913, 914, 915, 927, 930, 931, 932, 944, 949, 951, 953, 955, 956, 957, 958, 960, 961, 962, 963, 964, 965, 966, 967, 968, 969, 970, 971, 972, 975, 978, 979, 981, 982, 983, 986, 987, 988, 1008, 1009, 1010, 1011, 1012, 1013, and 1014; and it is further

ORDERED that the County Clerk is directed to unseal 869, 870, 871, 872, 877, 879, 884 899, 900, 902, 903, 912, 917, 945, 946, 947, 948, 950, 952, 954, 959, 973, 974, 976, 977, 980, and 984; and it is further

ORDERED the County Clerk shall restrict access to the sealed documents with access to be granted only to authorized court personnel and designees, the parties and counsel of record in the above-captioned action, and any representative of a party or of counsel of record upon presentation to the County Clerk of written authorization from counsel; and it is further

ORDERED that defendant shall serve a copy of this order on the County Clerk in accordance with the procedures set forth in the *Protocol on Courthouse County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh)]; and it is further

ORDERED that if any party seeks to redact identical information in future filings that the court is permitting to be redacted here, that party shall submit a proposed sealing order to the court (via SFC-Part48@nycourts.gov and NYSCEF) instead of filing another seal motion; and it is further

**654332/2020   EARTHLINK, LLC vs. CHARTER COMMUNICATIONS**
**Motion No.  028 029**

Page 16 of 17

16 of 17

[* 16]

ORDERED that if filing of multiple copies takes place, movant shall specify in the sealing chart NYSCEF numbers of all the copies filed as to each document, with a description as to what each copy represents (e.g. a Confidential Chambers Copy or redacted public copy). Failure to follow Part 48 procedures on sealing and the instructions provided herein may result in denial of a seal motion; and it is further

ORDERED that this order does not authorize sealing or redacting for purposes of trial or other court proceedings on the record, e.g., arguments on motions.

202412211481050AMASLEY41A9A802B7D643D0A7BA63E3F7648E64

| 12/21/2024 | | ANDREA MASLEY, J.S.C. |
|---|---|---|
| DATE | | |

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**654332/2020   EARTHLINK, LLC vs. CHARTER COMMUNICATIONS**
**Motion No.  028 029**

Page 17 of 17

17 of 17